Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for SN Servicing Corporation
as Servicer for U.S. Bank Trust National
Association, as Trustee of the Cabana
Series IV Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
IN RE:

Monique Renee Beckworth

Debtor
-------------------------------------------------------------------X

CASE NO.: 20-14457-CMG

CHAPTER: 13

HON. JUDGE.:
Christine M. Gravelle

HEARING DATE:
February 3, 2021 at 9:00 am

## OPPOSITION TO DEBTOR'S MOTION TO SELL REAL PROPERTY

Jonathan Schwalb, an attorney admitted to practice before the United States Bankruptcy Court for the District of New Jersey, hereby affirms the following to be true under the penalty of perjury:

1. SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of the Cabana Series IV Trust (hereinafter "Secured Creditor"), by and through its attorneys, Friedman Vartolo LLP, submits this affirmation in response to the motion of Monique Renee Beckworth (hereinafter "Debtor"), dated January 4, 2021, seeking to sell the real property located at 13 Garden Gate Court, Columbus, NJ 08022 (hereinafter "Property").

2. The Debtor filed a Chapter 13 Bankruptcy Petition on March 16, 2020.

3. The Secured Creditor is a lien holder of the Debtor. This debt is evidenced by a Proof of Claim, filed on the Court's Claim Register as claim number 5-1 hereinafter "Proof of Claim") which detailed a total debt at the time of filing in the amount of $567,013.55.

4. The Debtor's Motion now seeks court approval to sell the Property for the sum of $550,000.00

5. The Motion relies on the Proof of Claim total debt of $567,013.55 as the amount owed to Secured Creditor. This does not accurately reflect the current payoff figure and should not be relied upon at closing.

6. Secured Creditor objects to the sale of the Property, as the Motion does not seem to indicate a full payoff to Secured Creditor from a payoff which would be provided at closing.

7. As of today, no short sale approval has been given and Debtor's motion appears to contemplate a short sale here and as of today, it is the Secured Creditor's position that a full payoff must be received. Debtor's motion does not provide for a full payoff to Secured Creditor and therefore its motion must be denied.

8. Secured Creditor also requests that adequate protection payments be made pending the closing.

9. Secured Creditor also requests that any Order granting the Motion confirm that Secured Creditor's Proof of Claim will no longer receive any payments from the Chapter 13 Trustee under the Chapter 13 Plan as the loan will be paid in full at closing.

**WHEREFORE**, Secured Creditor respectfully requests that the Debtor's Motion be denied to the extent outlined above and for all other and further relief as is just and proper.

Dated: New York, NY
      January 12, 2021

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation
as Servicer for U.S. Bank Trust National
Association, as Trustee of the Cabana
Series IV Trust
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150